## Staunton.

### ORREN F. DODDS v. O. K. LAFON.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Harless & Colhoun* and *John B. Spiers*, for the appellant.

*Jordan, Roop, Sowder & Dalton*, for the appellees.

CHICHESTER, J., delivered the opinion of the court.

Orren F. Dodds is here complaining of a final decree rendered in a certain chancery suit lately pending in the Circuit Court of Montgomery county, Virginia. The final decree was entered at the July term, 1927, of the court. The suit was instituted by Dodds for the purpose of enforcing the specific performance of a contract and to set aside a deed from O. K. Lafon and wife to E. B. Lafon as a cloud upon the title of certain Radford real estate which Lafon sold to the appellant in exchange for certain timber which the appellant owned in West Virginia. The appellant owned a tract of land with timber thereon in Monroe county, West Virginia, which he considered worth $2,000.00,

but which he agreed to exchange with O. K. Lafon for the Radford property at $1,900.00. O. K. Lafon owned a residence and lot in the west ward of the city of Radford, Virginia, which he valued at $1,900.00.

W. K. Lucas owned a saw mill outfit and wished to get control, as owner, of the tract of timber, but did not have the means to finance the deal and an agreement was concluded whereby Lafon was to finance Lucas in the purchase of the timber land, The method by which Lafon was to secure the necessary funds was to sell to the appellant the real estate in the city of Radford in exchange for the timber with the understanding that Lucas was to take charge of the timber as his own and cut and manufacture it into lumber; obligating himself to pay Lafon $2,900.00 for the timber. Pursuant to this agreement the appellant took immediate possession of the Radford real estate and Lucas took possession of the timber and began to cut, saw and manufacture it into lumber, paying Lafon, according to Lafon's admission, $600.00 and according to his own contention $1,300.00 to $1,500.00. The appellant rented out the Radford real estate soon after he purchased it on April 18, 1922, and continuously thereafter until this suit was instituted, when the Radford real estate was placed in the hands of a receiver, who still has charge of it. In the meantime the appellant made some improvements on the property. Lucas was making considerable progress in the cutting of timber until his saw mill and a great deal of the lumber sawed was burned. O. K. Lafon on numerous occasions agreed to make a deed to the appellant for the Radford real estate, and on May 5, 1922, wrote the appellant as follows: "I am going to give you the deed. You need (not) have any fear.

You see, I must have something to hinge on. I was offered $2,300.00 for the property two weeks after we made the deal."

On May 20, 1922, O. K. Lafon wrote the appellant another letter, as follows: "I am going to make you a deed. Let come what will or may, for I feel it my duty."

On April 27, 1922, a deed was signed and sealed and later delivered by O. K. Lafon and wife conveying the Radford real estate to H. R. Clements at the request of the appellant. The consideration which Clements was to pay appellant is set forth as "in consideration of $500.00 and other good and valuable consideration, etc."

Clements refused to accept the deed because there was a lien, secured by deed of trust for $268.79, with interest, on the property, which the appellant was compelled to take over in order to stop a sale advertised under the deed of trust.

After Clements refused to accept the deed, for the reasons heretofore set out, appellant requested O. K. Lafon to execute a deed direct to him. The appellant then requested Clements to make the deed to him (the appellant) which he declined to do until he got instructions from O. K. Lafon. On January 18, 1923, Lafon wrote Clements: "Mr. Dodds is entitled to a deed, but I cannot see any reason why you (Clements) should make one as you have never been in possession of the property." Later Lafon wrote the appellant: "So soon as I get things in shape, will forward you the deed." And again later: "You are sure to get your deed this week. Perhaps the very first days."

On the 21st of January, 1925, O. K. Lafon and wife conveyed the Radford real estate to E. B. Lafon, a brother of the former, and thereupon the appellant

filed his bill asking the court to set aside this deed from O. K. Lafon and wife to E. B. Lafon as a fraud upon appellant's rights, for specific performance of the original contract, and directing a deed to be made to the appellant by O. K. Lafon and wife.

E. B. Lafon answered the bill, denying the fraud and claiming that he was an innocent purchaser for valuable consideration and without notice.

O. K. Lafon filed his separate answer to the bill. The court decreed that there was a subsisting deed of trust on the Radford property of $268.79, with interest, and "that unless the defendants, or some one for them, pays to Oren F. Dodds, or his attorney, the amount of said deed of trust and take up the same within sixty days from the rising of this court, that A. I. Harless and Ted Dalton, who are hereby appointed commissioners for the purpose, shall, after giving bond in the penalty of $1,000.00, with approved security as required by law, proceed to sell the real estate in the bill and proceedings mentioned for cash as to a sum sufficient to pay off and discharge the lien of said deed of trust to the amount of $268.79, with interest thereon from August 31, 1922, and the costs and commissions incident only to this sale, and upon a credit as to the residue of six and twelve months, taking from the purchasers notes or bonds with approved security for the deferred payments, or securing same by a deed of trust on the property."

There are four assignments of error:

First: The court erred in refusing to decree that the appellant was entitled to specific performance, for which the bill prayed, of the contract whereby he delivered to W. K. Lucas his timber tract of land in Monroe county, West Virginia, in exchange and in consideration that the said O. K. Lafon was to convey

to the appellant, by deed, title to the real estate which the said O. K. Lafon owned in the west ward of the city of Radford, Virginia; and,

Second: The court erred in decreeing the costs against the appellant, and he succeeded in obtaining a judgment for the balance due him as assignee of the deed of trust against said O. K. Lafon.

Third: The court erred in failing to decree as null and void, and as a cloud upon the title, the deed from O. K. Lafon and wife to E. B. Lafon, which conveyed the Radford, Virginia, real estate formerly purchased by the appellant from O. K. Lafon.

Fourth: Even though the evidence should fall short of entitling the appellant to a specific performance of the alleged contract, the court, having acquired jurisdiction, in the prayer for general relief, should have impressed the Radford property with a lien in appellant's favor to the extent of the payments made by said Lucas to O. K. Lafon.

■ We think the foregoing is a fair summary of the evidence as we have found it and we cannot agree with the conclusions of the trial court, and it is not necessary to consider in detail the various assignments of error. The appellant is entitled to sp ific performance of this contract and his costs. He had parted with his timber land in West Virginia, and so far as the record shows, if specific performance is not decreed he will lose not only the timber which was cut and burned but also the Radford property. The decree does not take care of this situation at all.

O. K. Lafon had practically admitted this situation and had written Dodds many letters acknowledging his obligation, in which he promised to forward him a deed for the Radford property. We do not propose to encumber this opinion by copying herein any more

of the letters, but they appear in the record, great numbers of them, and were written from the early stage of the transaction down to the time Lafon conveyed the property to his own brother, E. B. Lafon, in a deed of bargain and sale which was acknowledged by Lafon and his wife before the former's father, who was a notary public. He had, previous to this, as we have heretofore stated, made a deed to one, Clements, for the Radford property at the request of the plaintiff in error. We can find nothing in the record and no explanation of why O. K. Lafon changed his attitude with reference to the Radford property in the teeth of these letters and the Clements deed. He and Lucas under their contract had practically destroyed the West Virginia timber property and as far as the record shows the only way Dodds can be made whole is to decree to him a deed for the Radford house and lot. The only reason Clements did not accept the deed was because on examination of the title there was found to be a small balance due under a deed of trust. Dodds took possession of the property immediately upon the consummation of the sale, installed a tenant there and collected the rents and profits. It is testified that Lafon did not make any inquiry about the property for over three years, which indicates that he considered the deal closed, and certainly he never intimated that it was not until the West Virginia property was destroyed by fire and he was faced with a loss.

We think the record is abundant in proof that E. B. Lafon, to whom his brother, O. K. Lafon, made the deed on January 21, 1925, was not an innocent purchaser of the Radford property. He states that he is, but the record contradicts him. We will not point out here the evidence upon which this statement is made but there is ample in the record to justify it.

The transaction by which the property was conveyed from O. K. Lafon to E. B. Lafon may not have been proven to be fraudulent in fact, but in law we think the court would be fully justified in declaring it a fraud upon the rights of the appellant. It is true the rules of evidence require strict proof to establish fraud, but the burden is not the same where the relationship of the parties was such as it is in the instant case. These parties were brothers, living in the same community and apparently in close association with each other. A transaction under such circumstances in the face of the facts as we have narrated them between these parties should be carefully scrutinized by the court. As we stated previously, so far as O. K. Lafon is concerned there had been nothing to justify a change of attitude by him toward the appellant. A transaction between brothers and kinsmen is not a badge of fraud but together with other circumstances, such as this record discloses, the court is justified in declaring the transaction a fraud in law.

We think the appellant has at least made a *prima facie* case that the transaction between O. K. Lafon and his brother was fraudulent in law; that this *prima facie* case has not been rebutted by the defendants in error, and for these reasons we are of opinion that the deed to E. B. Lafon should be declared a fraud upon the rights of the appellant and set aside, and conveyance of the Radford property decreed to the appellant.

*Reversed and remanded.*