## CIRCUIT COURT OF THE CITY OF BRISTOL

Belinda Booher James

v.

Jeffrey Booher et al.

September 10, 1993

Case No. (Chancery) A-9495

BY JUDGE CHARLES B. FLANNAGAN, II

This matter is before me on a petition to have a deed dated December 7, 1987, between defendant Jeffrey Booher and his mother, defendant Alice Marie Booher, set aside as a fraudulent and voluntary conveyance.

Some recitation of the history of this matter is required, and significant dates pertinent to this matter are as follows.

7/10/81: Deed from Gentry to Robert A. Booher and Jeffrey Booher (Robert Booher was the father of Jeffrey, and each obtained a one-half interest).

Marriage of Jeffrey Booher and Belinda James.

9/30/87: Assault by Jeffrey Booher upon Belinda Booher (now James).

12/7/87: Deed from Jeffrey Booher conveying his one-half interest to his mother, Alice Marie Booher.

1/12/88: Second assault by Jeffrey Booher upon Belinda Booher (now James).

1/23/88: Third assault by Jeffrey Booher upon Belinda Booher (now James).

7/27/88: Suit filed by Belinda James for judgment for assaults and to set aside the conveyance of 12/7/87.

4/23/89: Claims for damages and equitable relief severed.

4/23/90: Jury trial on claim for damages. Verdict for Belinda James against Jeffrey Booher for $20,000 compensatory and $49,000 punitive damages.

6/7/90: Judgment entered on jury verdict.

12/3/90: Case stayed and removed from docket as Jeffrey Booher had filed bankruptcy.

4/20/92: Case reinstated as bankruptcy proceeding dismissed and stay lifted.

The evidence is clear that there was no consideration passing for the December 3, 1987, conveyance from Jeffrey Booher to his mother, Alice Marie Booher. Defendants contend that the conveyance was in consideration of rent due from Belinda and Jeffrey Booher. However, no rent had ever been collected, and there is no legal basis for Jeffrey Booher's mother, who had no interest in the property, to collect rent from the owner of a one-half interest in the property. Arguably, Alice Booher may have acquired the right to charge rent after the conveyance to her in December, 1987, but that would not serve as a basis for the consideration for the conveyance.

This conveyance was made surreptitiously between Jeffrey and his mother after it was clear that Jeffrey and Belinda were having serious marital problems and after the first assault. The circumstantial evidence is clear and convincing to this court that the motivation behind the conveyance was to protect this property from any claim that Belinda might have against it, whether as a result of intentional torts committed upon her or simply as a result of her status as Jeffrey's wife. The grantee, being Jeffrey's mother, certainly had knowledge of facts and circumstances which should have reasonably aroused suspicions regarding the purpose of this transaction.

Understanding that a transfer between mother and son in and of itself does not constitute a fraudulent transaction, I am of the opinion that this particular transfer from Jeffrey to his mother had several "badges of fraud" in that it was (1) a transfer between close family members, (2) made at a time there was a threat of litigation and marital break-up, and (3) without real consideration, and (4) resulted in the

transferor being insolvent as to the potential unliquidated claims existing at the time of transfer.

As has been observed, "Chief Justice Campbell, in *Haynes v. Bunting*, 152 Va. 395, 401, 147 S.E. 211, 213 (1929), said: 'While it is true that the relationship of mother and son does not of itself constitute fraud, yet a transaction between parties so closely bound together, where the rights of third parties are involved, calls for the closest investigation.' *See, Dodds v. Lafon*, 153 Va. 110, 117, 149 S.E. 417." *National Valley Bank v. Roudabush*, 170 Va. 528, 532 (1938).

Under these circumstances, the burden shifted to the defendants to prove the *bona fides* of the transfer, and this they have failed to do. *See generally, National, etc., supra; Hutcheson v. Savings Bank*, 129 Va. 281 (1921).

Accordingly, I am of the opinion that the conveyance of December 7, 1987, to Alice Booher was a fraudulent and voluntary conveyance and ineffective to defeat any claims of Belinda Booher (now James) against the assets of Jeffrey Booher.